————O————

No. 6957.

## PAUL BOTTAZZI v. AMERICAN UNION FIRE INSURANCE CO., OF PHILADELPHIA.

### Syllabus.

A witness who feigns forgetfulness of the circumstances collateral to his main story and which he must recollect if he has any memory at all, and in respect to

245

which he would be open to contradiction if his testimony is untrue, is unworthy of belief.

Appeal from the Civil District Court, Parish of Orleans, No. 102,936, Division "D"; Honorable Porter Parker, Judge. Affirmed.

Emile Pomes, for plaintiff and appellant.

J. Zach Spearing, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff appeals from a judgment dismissing his suit for $900.00, the alleged value of a piano destroyed by fire in July, 1912, and insured against such loss by policy of insurance issued in his favor by defendant company.

Without going into the details of the case, we are satisfied that while plaintiff has established a right of recovery he has wholly failed to fix the amount he is entitled to recover, that is, the value of the piano before the fire.

On this point there is no other testimony but his own, which is in substance as follows:

He says that he went into the then Fabacher's Restaurant and the waiter sat him down at a table with a man he did not know and had never seen before, nor has he seen him since. He did not then know the man'e name nor does he remember it now. They got to talking about pianos and the stranger told plaintiff he had just the piano the plaintiff wanted, and that he had paid $1,200.00 for it about two months previous.

Plaintiff and the stranger then started uptown to the house where the stranger said the piano was located.

246

Plaintiff does not know whether they took the Magazine Street or Peters Avenue car (they go up different streets), nor could he tell at which street they got out; nor on which side of the street the house was located; nor between which two streets it was situated; nor whether he walked towards the river or to the lake to reach the house. Plaintiff went into the house, saw the piano and agreed to buy it. The stranger and he returned down town and went to the bank, and plaintiff took $1,000.00 in currency out of the safety deposit box, which he testified he had there. They returned to the house, the stranger called a wagon (an ordinary delivery one, not a regular piano wagon), the piano was put on the wagon, plaintiff paid $1000.00 in currency to the stranger and the wagon started off. Plaintiff did not know the wagon driver, but he (plaintiff) did not ride on the wagon containing his valuable $1,000.00 instrument, but got in the street car and rode to the premises on Orleans street where the piano was later burned, and awaited the arrival of the piano for which he paid $1,000.00 to a stranger he had never seen before and has not seen since, in a wagon driven by another stranger selected by the first stranger.

The piano arrived safely and he put it in the back room of the house. The house was empty and he did not then nor has he ever lived there. He has never played on the piano, nor had he ever bought a piano before.

Aside from the extreme improbability of this testimony, its outstanding feature is that he carefully refrains from remembering any detail as to place, person or otherwise, upon which might be based an investigation as to the truth of his story. It is true that he testified in 1916 and that his alleged purchase of the piano was in May, 1912; but the fire occurred in July, 1912, and the pendency of his claim

for insurance money must have kept the details of the purchase fresh in his mind. Moreover his memory is sufficiently good for him to remember in 1916 that he went to Hot Springs on the 6th or 7th of June, 1912; that he read about the fire in a newspaper on the 10th or 11th of July, 1912, and that he returned to New Orleans on the 6th or 7th of August, 1912.

> "A witness who feigns forgetfulness of the circumstances collateral to his main story and which he must recollect if he has any memory at all, and in respect to which he would be open to contradiction if his testimony is untrue, is unworthy of belief."
>
> *40Cyc., p.* 2577, citing,
> *Gibbons v. Potter,* 30 *N. J., Equity* 204.

The trial Court non-suited plaintiff, and being of opinion that this was a proper disposition of the case, we accordingly affirm the judgment.

Judgment affirmed.

Opinion and decree, April 2nd, 1917.